THE ATTORNEY-GENERAL and others *vs.* STEWARD and others.

1. On final hearing, upon bill and answer, a preliminary injunction will be made perpetual where it appears from the pleadings that the defendants intend to do some act charged in the bill, which would be a nuisance to the public, or an injury to the complainants.

2. The affidavits to the bill and answer are not evidence at the final hearing.

This cause was argued upon bill, answer, and replication, without proofs.

*Mr. J. Wilson,* for complainants.

*Mr. Kingman,* for defendants.

THE CHANCELLOR.

The complainants ask to have the injunction granted in this cause upon the rule to show cause, as a preliminary injunction, (5 *C. E. Green* 415,) continued and made perpetual. To authorize this decree it must appear from the pleadings that the defendants intend to do some act charged in the bill, which would be a nuisance to the public, or an injury to the complainants. The bill charges among other things, that the defendants in their slaughter-house erected on the bank of the Assanpink, intend to slaughter large numbers of animals, and to discharge the blood into the Assanpink, which flows past or near the lands of the complainants, and that this blood would pollute the water, and render it offensive and unfit for use.

The answer of the defendants admits that they intend to slaughter one hundred hogs per day at certain seasons, and that if they find it impracticable to convert the blood into fertilizers, and dispose of it for that purpose, they intend to discharge it into the Assanpink. It further states that this blood would not amount to more than fifty gallons per day,

and would be discharged at the rate of five gallons per hour, mixed with seventy times its own bulk of water, and that it would not pollute the waters of the Assanpink in any appreciable degree.

In the state of the pleadings, only those parts of the answer which are responsive to the bill can be evidence in favor of the defendants, but all its admissions can be used as evidence against them. It must therefore be taken as established, that in a certain contingency they intend to discharge the blood of one hundred slaughtered hogs daily into the creek. There is no proof of the quantity which this would be in gallons, or that it would be diluted by any quantity of water, or that it would be harmless. All these facts are new matters alleged in defence; and besides this, they are alleged in the answer as matters of estimate and conjecture, and merely assert the opinion of the defendants.

The affidavits to the bill and answer are not evidence at the final hearing, and cannot be considered. I am of opinion, as I was at the application for the preliminary injunction, that the discharge of the blood of one hundred hogs daily into a stream of the capacity of this creek, must necessarily pollute the waters and render them unfit for use. The defendants must therefore be restrained from doing this act, which they allow their intention to do, and the injunction must, by decree, be made perpetual.